UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCHIED,

       Plaintiff,

                                     Case No. 09-12374

v.

                                     Honorable Patrick J. Duggan

RONALD WARD, KEN HAMMAN, KIRK
HOBSON, PATRICIA MEYER, LAURA
SURREY, KAREN ELLSWORTH,
JESSICA MURRAY, JENNIFER
BOUHANA, PATRICIA HAM, and JOE D.
MOSIER,

       Defendants,

_____/

**<u>OPINION AND ORDER</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on _____.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

      David Schied ("Plaintiff") filed the present lawsuit on June 19, 2009.  Presently

before the Court are two motions to dismiss, the first from defendants Ward, Hamman,

Hobson, Meyer, Surrey, Ellsworth, Murray, Bouhana, and Ham ("Brighton Defendants")

and the second from Defendant Mosier.  Both motions argue that the present case must be

dismissed because of Plaintiff's failure to properly serve defendants as required by Rule

4(e) of the Federal Rules of Civil Procedure.  In addition to filing a response to the

motions, Plaintiff filed a "Motion for Finding of 'Contempt' and Sanctioning of Defendants and Their Attorneys." The Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e)(2) on August 11, 2009. For the reasons set forth below, the Court denies the motions.

## I. Factual and Procedural Background

On June 19, 2009, Plaintiff, acting *pro se*, filed his complaint and an application to proceed *in forma pauperis*. At the time of filing, the court clerk informed Plaintiff that, upon the granting of his *in forma pauperis* application, the Court would issue summonses directly to defendants. Satisfied that the summonses would be served by the Court but believing that he separately needed to effect service of the complaint, Plaintiff proceeded on or about June 19, 2009, to send by certified mail copies of the complaint to each defendant. Plaintiff knew that he had the option, upon the granting of his *in forma pauperis* application, to have the United States Marshals serve the complaints, but believed he could save the taxpayers money by sending the complaints himself.

The complaints mailed by Plaintiff ultimately arrived at the offices of defendants' respective employers. Although an individual signed for receipt of the packages at each location, none of the defendants personally signed for the packages and they deny that the individuals who did sign acted as agents "authorized by appointment or by law to receive service of process" on their behalf. Fed. R. Civ. P. 4(e)(2)(C). Nonetheless, Plaintiff filed a "Certificate of Service" as to each defendant on June 26, 2009, indicating that the defendants had been served with a summons and complaint via certified mail, return receipt requested on June 22, 2009. Plaintiff personally signed each certificate of service

identifying himself as the "server."

On June 29, 2009, this Court entered an order granting Plaintiff's application to proceed *in forma pauperis*. On July 1, 2009, the Court issued summonses for each of the defendants. Plaintiff received a letter containing the Court's order and the summonses on July 10, 2009. Based on what the court clerk told him when he filed his complaint, Plaintiff believed that the summonses had also been directly served on defendants by the Court.

On July 10, 2009, the Brighton Defendants filed their motion to dismiss. Defendant Mosier's motion followed on July 20, 2009. Plaintiff filed his response and motion for contempt and sanctions on July 27, 2009. The Brighton Defendants filed a response and a reply to Plaintiff on July 31, 2009, and Mosier filed a response on August 6, 2009.

## II. Service

In their separate motions defendants argue for dismissal on identical grounds. Collectively, defendants present three complaints regarding Plaintiff's attempt to effect service in this case: (1) Plaintiff failed to include a summons when he mailed the complaint; (2) the mailed complaints were not personally accepted by defendants or their authorized agents; and (3) Plaintiff—a party to this action—inappropriately attempted to effect service himself. *See* Fed. R. Civ. P. 4(c), (e). Although the Court agrees that Plaintiff's attempts to effect service were defective, dismissal is not the appropriate remedy in this case.

Contrary to defendants' implication, the issue in this case is not simply whether Plaintiff failed to perfect service. As indicated above, Plaintiff is proceeding *pro se* and

3

has been granted *in forma pauperis* status.  Federal law provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  28 U.S.C. § 1915(d).  Similarly the Federal Rules of Civil Procedure require that the Court "order that service be made by a United States marshal" in cases where "the plaintiff is authorized to proceed in forma pauperis."  Fed. R. Civ. P. 4(c)(3).  When dealing with a *pro se* plaintiff proceeding *in forma pauperis*, then, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint."

Regardless of what Plaintiff may or may not have been doing in the meantime, the deficient service of process in this case is ultimately the Court's responsibility.  Although summonses were issued for defendants on July 1, 2009, the Court failed to order that a United States Marshal effect service.  Because it is the Court that has been derelict in its duties, rather than Plaintiff, the Court denies defendants' motions.

While this disposes of defendants' motions, the fact remains that defendants have yet to be properly served.  The Court acknowledges that "the procedural requirement of service of summons must be satisfied" before the Court can exercise personal jurisdiction over a defendant.  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987).  As a consequence, actual knowledge of a lawsuit cannot cure "technically defective service of process."  *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).  Nonetheless, it is also true that defendants can consent to less than perfect service.  *See Omni*, 484 U.S. at 104, 108 S. Ct. at 409.  Furthermore, the strict

4

approach to the service rules derives from "Congress's shift from service by federal marshals to private individuals in 1982"—a shift not implicated in this case because of Plaintiff's *in forma pauperis* status. *In re City of Phila. Litig.*, 123 F.R.D. 515, 518 (E.D. Pa. 1988).

Looking toward a resolution of the service issue in this case, the Court notes that, regardless of who signed for the certified mail, defendants admit to receiving a physical copy of Plaintiff's complaint. Additionally, the July 1, 2009, summonses are available to defendants and their attorneys on the Court's docket at docket entry 14. In the interest of judicial efficiency, the Court suggests that defendants refer to those documents. If any defendant insists that he or she be properly served by a United States Marshal, however, that defendant shall so inform the Court and the Court will order service accordingly.

## III. Criminal Prosecution

As part of his response to defendants' motions, Plaintiff demands that this Court initiate a criminal investigation or prosecution regarding the conduct of defendants and their attorneys. Plaintiff specifically alleges that defendants' motions and the affidavits filed in support thereof constitute federal crimes. Plaintiff asserts that this Court is required to issue indictments and requests that the Court appoint a "special master" or "special prosecutor" to assist him with the criminal aspects of his case.

As other courts have explained, this Court has no authority to honor Plaintiff's requests and demands. *See In re Schied*, No. 08-1895, slip op. at 2 (6th Cir. Aug. 5, 2008); *Schied v. Daughtrey*, No. 08-14944, 2009 WL 369484 at *3 (E.D. Mich. Feb. 10, 2009). "Generally, a private citizen has no authority to initiate a federal criminal

prosecution." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam).  Rather, the

discretion and "authority to initiate criminal complaints rests exclusively with state and

federal prosecutors." *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005).

Therefore, Plaintiff's requests for criminal investigations, prosecutions, and appointment

of a special master are denied.

**IV. Contempt and Sanctions**

In addition to his demand for criminal prosecutions, Plaintiff filed a motion for

contempt and sanctions against defendants and their attorney's pursuant to Rule 11 of the

Federal Rules of Civil Procedure. When a party moves for sanctions pursuant to Rule 11,

however, he or she must first give the opposing party an opportunity to correct his or her

allegedly sanctionable conduct.  Fed. R. Civ. P. 11(c)(2).  Plaintiff failed to provide

defendants and their attorneys such an opportunity in this case.  Furthermore, the Court

concludes there is no basis for imposing sanctions.

Accordingly,

**IT IS ORDERED** that the Brighton Defendants' Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Joe D. Mosier's Motion to Dismiss

is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Finding of Contempt and

Sanctioning of Defendants and Their Attorneys is **DENIED**.

**IT IS FURTHER ORDERED** that, if any defendant insists that service be made by

the United States Marshals, each such defendant shall so inform the Court by **AUGUST**

**28, 2009**.

**IT IS FURTHER ORDERED** that defendants shall file an answer to the complaint

within 20 days of August 28, 2009, or the date of service, whichever is later.


                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
David Schied
20075 Northville Place Drive
North # 3120
Northville, MI 48167

Scott L. Mandel, Esq.
Roy H. Henley, Esq.